IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO LOPEZ,<br><br>    Plaintiff(s),<br><br>v.<br><br>M. S. EVANS, J. CELAYA, M.<br>WALKER AND E. CAMARENA,<br><br>    Defendant(s). | No. C 06-5071 TEH (PR)<br><br>ORDER OF SERVICE<br><br>(Docket nos. 2, 4) |

    Plaintiff, a prisoner at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials failed to provide him with due process in connection with the investigation of a disciplinary action against him. Plaintiff seeks leave to proceed in forma pauperis, which is granted in a separate order filed simultaneously (docket no. 2). Plaintiff also seeks appointment of counsel (docket no. 4), which is DENIED for the reasons set forth below. Plaintiff seeks injunctive and monetary relief. This order directs service of the complaint on Defendant Walker.

## DISCUSSION

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Liberally construed, Plaintiff's allegations state a claim for denial of procedural due process against Defendant N. Walker and will be served. See Wolff v McDonnell, 418 U.S. 539, 566 (1974) ("inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"); Superintendent v. Hill, 472 U.S. 445, 455 (1985) (some evidence in the record must support conclusion reached by disciplinary board).

Plaintiff's claims against Warden Evans fail because Plaintiff has alleged no basis for liability on his part and it is well-established that there is no respondeat superior liability under 42 USC § 1983. Or, in layman's terms, that there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. See Taylor v List, 880 F2d 1040, 1045 (9th Cir 1989). In addition, Plaintiff's claims against Defendants Camarena and Celaya also fail, as Plaintiff has not alleged the violation of his constitutional rights by either of these Defendants. If Plaintiff can make such a showing, he may seek leave to file

2

an amended complaint.

C. Motion for Counsel

Plaintiff has filed a motion seeking appointment of counsel based on limited access to the law library and knowledge of the law (docket no. 4).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the Defendant N. Walker at Salinas Valley State Prison. The Clerk also shall serve a copy of this order on plaintiff.

2. All claims against Defendants Evans, Camarena and Celaya are DISMISSED and the Clerk shall TERMINATE them as Defendants in this action.

3. All communications by Plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 03/06/07

THELTON E. HENDERSON
United States District Judge

3