IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO LOPEZ, | ) | |
| Plaintiff, | ) | No. C 06-5071 TEH (PR) |
| v. | ) | ORDER OF DISMISSAL |
| J. CELAYA, N. WALKER AND E. JONES, | ) | (Docket nos. 13, 14, 15) |
| Defendants. | ) | |

      Plaintiff, a prisoner at Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials failed to provide him with due process in connection with the investigation and prosecution of a disciplinary action against him. On March 7, 2007, this Court ordered service of the complaint on Defendant Walker and dismissed certain Defendants, without providing Plaintiff with leave to amend. Thereafter, Plaintiff filed an amended complaint, in which he provided much greater detail in his factual allegations and most of the paperwork from the initial disciplinary proceeding and appeal, including documentation that the finding was reversed and he was granted a subsequent hearing, in which he was ultimately found "not guilty" of the charges against him.

      Defendant Walker, who was served with the complaint, filed a Waiver of Reply, requesting the Court to screen the amended complaint (docket no. 13), which is now GRANTED. Plaintiff has also filed several motions, initially requesting the Court to "stay" the action, (docket no. 14), and later requesting the

Court to "dismiss" Plaintiff's motion to stay (docket no. 15). Because the Court has conducted a screening of the amended complaint pursuant to 28 U.S.C. § 1915A(a) and found that the complaint must be dismissed, both motions are now DENIED as moot (docket nos. 14, 15).

**BACKGROUND**

In the initial complaint, Plaintiff's two page complaint alleged that he had been deprived of the right to call witnesses at his disciplinary proceeding, and that Plaintiff had been subjected to discipline for possession of a weapon where the witnesses acknowledged that he "was never in possession of a weapon." The complaint failed to state whether Plaintiff had suffered any sanction as a result of the disciplinary finding. Based on these allegations, the Court found that Plaintiff had stated a claim under Wolff v McDonnell, 418 U.S. 539, 566 (1974) and Superintendent v. Hill, 472 U.S. 445, 455 (1985). However, given the extensive documentation supplied by Plaintiff in the amended complaint, it is now clear that Plaintiff's complaint fails to state a federal constitutional claim and must be dismissed.

According to the allegations in the 18 page amended complaint and the extensive attached documentation, Plaintiff was initially charged with possession of an inmate-manufactured weapon on January 11, 2006. At that time, he was moved to administrative segregation by Lieutenant J. Celaya, based on the danger to institutional security. The weapon recovered was apparently found in the mattress of Plaintiff's cell-mate, Fehoko, but both inmates were charged with its possession. Plaintiff contends that the initial administrative review which resulted in Plaintiff's move to administrative segregation, was unlawful because it was conducted by Defendant Celaya, who as a Lieutenant, was not of sufficient rank under state regulations to conduct such a review.

Plaintiff was then subjected to a disciplinary hearing, where he contends he was not allowed to call witness Fehoko at the hearing conducted by Defendant Walker, although the investigation of the incident had clearly documented that Fehoko had admitted possession of the weapon. Plaintiff was initially found guilty after the hearing. As a result of the hearing, he was sentenced to 90 days loss of privileges, which included loss of telephone privileges, canteen, quarterly package and "special purchase" according to the attached "Rules Violation Report."

It also appears from several Institutional Classification Committee ("ICC") Program Reviews that were submitted that Plaintiff that he was initially assigned a Segregated Housing Unit ("SHU") term of 15 months after the disciplinary finding. However, according to the ICC review conducted on October 12, 2006, after his disciplinary finding had been reversed, Plaintiff was at that time still placed in administrative segregation, and was released to the general population, and the SHU term was vacated, without Plaintiff having been moved there. Plaintiff also alleges in the amended complaint that his placement in administrative segregation for 10 months resulted in lost wages from his prison job, and contact with his family.

Plaintiff further alleges and provides a "Second Level Appeal Response" that documents that, after he was found guilty of the charges, his prison administrative appeal was granted and the finding of guilt was subsequently set aside because there was confidential information used during the hearing and Plaintiff was not provided with proper required documentation of the information relied upon. As a result, Plaintiff was provided with a new hearing. The appeal decision documents that, while Plaintiff argued that his cell-mate had confessed and absolved Plaintiff of the possession, the confession had been considered, but

rejected because inmates are known to falsely absolve each other in a prison setting and that Fehoko's admitted possession was not found to diminish Plaintiff's knowledge and possession.

Plaintiff contends and documents that at the subsequent hearing, he was found not guilty. Plaintiff has provided the documentation, which shows that the subsequent hearing officer found that there was not adequate corroboration of the confidential information to support the charges. Therefore, Plaintiff was found "not guilty" of the charges and no discipline was imposed. As a result, Plaintiff was released from administrative segregation.

Plaintiff raises additional complaints about officials misstatements regarding his waiver of rights to staff assistance and to call witnesses at the hearing.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

4

B.  Legal Claims

   1.  Due Process

Plaintiff contests the constitutionality of the disciplinary process by which he was initially charged with and found guilty of 'Possession of an Inmate Manufactured Weapon,' a charge which was later reversed and for which he was ultimately found not guilty after another hearing. Plaintiff had initially not stated in the complaint whether he suffered any deprivation of good time credits, or other sentence or sanction in connection with this finding, but had alleged that he was not allowed to call a witness at his hearing.

Interests that are procedurally protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the States. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital).

The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Further, in Madrid v. Gomez, 889 F. Supp. 1146, (N.D. Cal. 1995), this court specifically held that the Due Process Clause itself does not protect a prisoner's interest in not being placed in administrative segregation. See id. at 1271.

Deprivations that are less severe or more closely related to the expected conditions of confinement may also amount to deprivations of a procedurally protected liberty interest, provided (1) that State statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) that the

liberty in question is one of "real substance." See Sandin at 515 U.S. at 477-87. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) State action that "will inevitably affect the duration of [a] sentence," id. at 487. Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in Sandin.

Placement in segregation pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting Sandin). See also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after Sandin); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (holding placement in disciplinary segregation for fourteen days was not a deprivation of "real substance"), Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (loss of mere opportunity to earn good time credits because of placement in administrative segregation does not create protected liberty interest). Sandin requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a

criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. See id. at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.

California's regulations concerning discipline provide explicit standards that narrowly fetter official discretion. Under California Code of Regulations title 15, section 3320(l), officials must find that a preponderance of the evidence substantiates the charge before guilt may be found and punishment assessed. Absent such a finding the inmate may not be placed in isolation nor segregation, nor assessed good-time credits. See also Cal. Code Regs. tit. 15, § 3320(a) (requiring notice); id. § 3320(b) (requiring hearing). Because a prisoner may not be disciplined unless explicit substantive and procedural requirements are met, the disciplinary standards and procedures meet the "narrowly restrict" prong of the Sandin test. See Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest). However, allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in Sandin. In determining whether a restraint is an

7

"atypical and significant hardship," Sandin suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence. See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003). If the deprivation is one of "real substance," Wolff's procedural protections must be afforded.

Plaintiff has documented the discipline suffered after the initial guilty finding, and it involved only the loss of privileges normally associated with administrative segregation, no loss of good time credits, and given that it was subsequently set aside, it will certainly not have any affect on the duration of Plaintiff's sentence. These consequences do not constitute an 'atypical and significant hardship' sufficient to implicate a liberty interest. Therefore, Plaintiff has failed to state a federal due process claim regarding his disciplinary proceedings and the claims must be dismissed.

    2.    Other Allegations

Plaintiff also complains about false statements made about whether he needed assistance, or whether he wished to call additional witnesses in the course of the disciplinary proceedings. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). The Constitution

demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that prisons comply with its own, more generous procedures.  See Walker v. Sumner, 14 F.3d 1415, 1419-20  (9th Cir. 1994).  "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984); accord Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline requiring hearing to be held in 8 days of charge would not alone constitute denial of due process).  A prisoner's right to due process is violated "only is he [is] not provided with process sufficient to meet the Wolff standard." Walker v. Sumner, 14 F.3d at 1420.  Plaintiff's other allegations of error in his disciplinary proceedings fail to state a claim for relief under federal law and must be dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown, Plaintiff's claims are DISMISSED without prejudice to raising any state law claims in state court.  The Clerk shall close the file and enter judgment in accordance with this order.

SO ORDERED.

DATED:   01/20/08

THELTON E. HENDERSON
United States District Judge

9